[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 04, 2002
THOMAS K. KAHN
CLERK

_____

No. 00-12402

_____

D.C. Docket No. 97-01235-CV-J-21A

WAYMOND B. MCDANIEL,

Petitioner-Appellant,

versus

MICHAEL W. MOORE,
ROBERT A. BUTTERWORTH,
Florida Attorney General,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 4, 2002)**

Before ANDERSON, HULL and KENNEDY[*], Circuit Judges.

KENNEDY, Circuit Judge:

_____

[*] Honorable Cornelia G. Kennedy, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

This appeal raises a single issue: whether the district court abused its discretion when it denied appellant Waymond McDaniel's request to reopen the time to file a notice of appeal from an order in his underlying habeas corpus action. McDaniel pled guilty to second degree murder in Florida state court. He later filed a petition for writ of habeas corpus in federal district court, pursuant to 28 U.S.C. §2254. The district court dismissed McDaniel's petition with prejudice, finding that McDaniel had procedurally defaulted on his claims. On November 9, 1999, the court entered a judgment dismissing the petition. On January 12, 2000, McDaniel filed a pleading styled as a motion for relief from judgment under Federal Rule 60(b).[1] The court denied McDaniel's motion on February 16, 2000.

McDaniel did not receive a copy of the judge's ruling at that time. According to McDaniel, he filed a notice of inquiry about the status of his case sometime in March, 2000. On March 15, 2000, the court mailed to McDaniel a document indicating that his motion for relief from judgment had been denied on February 16,

---

[1] Federal Rule of Civil Procedure 60(b) provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ;(3) fraud . . . misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

but the document did not indicate the judge's reasons for doing so. Specifically, the March 15 letter stated: "Petitioner's Motion for Relief from Judgment was denied in an Order from the Court on 2/16/00." The record does not indicate when McDaniel actually received the clerk's letter.

McDaniel then requested a copy of the district court's order. McDaniel's request was dated March 28, 2000. The docket sheet indicates that the clerk received this request and responded on March 30, 2000. The record does not indicate when McDaniel actually received the copy of the order.

McDaniel then filed a motion to reopen the time to file notice of appeal. The motion was dated April 4, 2000, but was stamped as filed by the district court on April 7, 2000. The record does not indicate the date on which the motion was actually placed into the prison mail system by McDaniel. The district court denied the motion to reopen the time to file notice of appeal as untimely. McDaniel now appeals that ruling.

Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

3

(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

McDaniel contends that his motion to reopen was timely under Rule 4(a)(6) because his motion to reopen, dated April 4, 2000, was filed within 7 days after he received "notice of the entry" of the February 16 order denying his Rule 60(b) motion. McDaniel asserts that he did not receive notice of the resolution of his Rule 60(b) motion until March 31, 2000. This is the date on which he contends he actually received a copy of the district court's February 16 order denying his Rule 60(b) motion. Respondent argues, however, that the March 15, 2000 letter from the clerk provided McDaniel with "notice of the entry" of the February 16 order and thus started the seven day clock under Rule 4(a)(6).

As McDaniel points out, the courts are divided on whether the words "notice of the entry" found in Rule 4(a)(6) require written notice, as McDaniel contends, or whether "actual notice" is sufficient to start the clock. *See Bass v. United States Dept. of Agriculture*, 211 F.3d 959, 962-64 (5th Cir. 2000) (discussing differences among the circuits). We need not address this conflict here, because even if we

4

were to agree with McDaniel that only written notice is sufficient, the clerk's letter dated March 15 satisfies this requirement. It provided McDaniel with written notice of the entry of an order on February 16 denying his Rule 60(b) motion.

Recognizing that this case does not present the issue that has split other courts, McDaniel argues that we should go beyond the holdings of those courts requiring written notice and interpret "notice of the entry" to require a copy of the court's order. In support, McDaniel appeals to policy, arguing that this interpretation is necessary to permit a losing party to examine the judge's reasoning and determine whether there is a legal basis for an appeal. McDaniel's counsel concedes that he is aware of no case in which a court has held that a copy of the judgment or order is required to start the clock under Rule 4(a)(6). We decline to adopt McDaniel's restrictive view of notice. Before considering whether his interpretation results in the best policy, we must examine the text of the rule. The plain language of the rule requires only "notice of the entry," not a copy of the order itself. Thus, the text of the rule unambiguously rules out McDaniel's interpretation, and we could end the inquiry here. Even if we consider McDaniel's policy argument, however, we remain unpersuaded that his restrictive reading is necessary. A losing party is not required to set forth the legal basis for an appeal within seven days, but is required only to file a motion to reopen the time to file an appeal at that

5

early stage. Notice of an adverse order is sufficient for this purpose, even if the legal reasoning is not spelled out for the losing party. *See generally Nunley v. City of Los Angeles*, 52 F.3d 792, 794-95 (9th Cir. 1995) (reviewing the docket sheet entry reflecting the order was sufficient notice, even though the order itself was not in the file).

McDaniel contends that even if his argument as to what constitutes notice under Rule 4(a)(6) fails, there remain factual questions which require remand. He argues that the record does not clearly indicate (a) the date on which he actually received the clerk's letter dated March 15, 2000, or (b) the date on which he deposited his motion to reopen, dated April 4, in the prison's internal mail system.[2] According to McDaniel, these are factual questions that must be resolved by the district court on remand. We disagree. First, it is undisputed that on March 15, 2000, the clerk sent a written response to McDaniel indicating that his Rule 60(b) motion had been denied on February 16. McDaniel clearly received this March 15 letter, because he later attached it to his motion to reopen the time to file an appeal. Allowing 3 days for mailing, or until March 18, McDaniel's motion to reopen remains untimely.

---

[2] An inmate's filings are deemed timely if they are deposited in the prison's internal mail system on or before the last day for filing. Fed. R. App. P. 4(c)(1).

Also, under the prison "mailbox" rule, the earliest possible date McDaniel's motion to reopen could arguably be considered "filed" is April 4, which is the date on his motion.[3]  Even with that April 4 date, McDaniel would have to show that he did not receive the March 15 letter until 13 days later (March 28) in order to make his April 4 motion to reopen timely.[4]  At oral argument, counsel for McDaniel pointed out that McDaniel's request for a copy of the order was dated March 28, 2000, and thus raised the possibility that McDaniel received the clerk's March 15 letter on March 28 and responded with a request for a copy of the order the very same day.  If this were true, McDaniel's motion to reopen the time to file notice of appeal would have been timely if considered filed on April 4, exactly seven days later.  The burden of proving non-receipt (or in this case, delayed receipt) of notice is on the party seeking to reopen the time for appeal under Rule 4(a)(6).  *See Nunley*, 52 F.3d at 795.  Although the rule does not require a strong presumption of timely receipt, *see id.* at 795-96, here McDaniel offered the district court no reason

---

[3] McDaniel has not alleged, much less proved, when he gave his motion to reopen to prison authorities.  The record, however, shows the clerk received and filed his motion to reopen on April 7, which is consistent with a 3 day mailing period from the April 4 date of the motion.

[4] We note that under this scenario it would have taken the letter thirteen days to reach McDaniel, which is significantly longer than the 3 day period courts generally provide for the delivery of mail.  *See* Fed. R. Civ. P. 6(e).

to question whether he timely received the clerk's March 15 letter. McDaniel failed to present any evidence to the district court showing when he actually received the March 15 letter or any evidence even suggesting that the clerk's March 15 letter did not reach petitioner until March 28. In fact, McDaniel did not even *allege* that the letter arrived so late. McDaniel has already been given an opportunity to carry his burden and resolve any remaining factual uncertainties about the relevant dates in his favor, but has failed to do so. A remand is therefore unnecessary.

For the foregoing reasons, we AFFIRM the order of the district court.