UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ALBERT CHARLES BURGESS, JR.,
            *Plaintiff-Appellant,*

v.

WILLIAM D. CATOE; BLAKE E.
TAYLOR, JR.; LARRY BATSON,
individually and in their official
capacities as employees of South
Carolina Department of Corrections,
            *Defendants-Appellees.*

No. 02-7110

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CA-00-2325-0-19-BG)

Submitted: November 6, 2002

Decided: December 20, 2002

Before WILKINS, TRAXLER, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion. Judge Traxler did not participate in the decision; therefore, the case is decided by a quorum. *See* 28 U.S.C.A. § 46(d) (West 1993).

## COUNSEL

Albert Charles Burgess, Jr., Appellant Pro Se. David Leon Morrison, Matthew Blaine Rosbrugh, DAVIDSON, MORRISON & LINDE-MANN, P.A., Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Albert Charles Burgess, Jr., seeks to appeal the district court's order accepting the magistrate judge's recommendation to deny relief on his 42 U.S.C. § 1983 (2000) complaint, the court's order denying his motion filed under Fed. R. Civ. P. 59(e), and the magistrate judge's order denying discovery. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted under Rule 4(a)." Fed. R. Civ. P. 77(d). Rule 4(a)(6) permits a district court to reopen the appeal period as long as the motion requesting such relief is filed within 180 days after entry of the order or seven days after "receiv[ing] notice of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6). These time periods are mandatory and jurisdictional. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978).

Here, the appeal period began to run on April 23, 2002, when the district court entered its order disposing of Burgess' timely filed Rule 59(e) motion. Fed. R. App. P. 4(a)(4)(B)(ii). Burgess handed his notice of appeal to prison officials for mailing on July 15, 2002. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In the notice of appeal, Burgess stated that he had not received the district court's order until July 9, 2002.

On July 25, 2002, Burgess mailed to the district court his motion to reopen the appeal period under Rule 4(a)(6) and acknowledged therein that the clerk's office sent him a copy of the docket sheet on June 18, 2002, on which the order denying his Rule 59(e) motion was

entered. Fed. R. App. P. 4(a)(7). Giving Burgess the benefit of a three-day period for delivery of mail, *see* Fed. R. Civ. P. 6(e), Burgess received the docket sheet on June 21, 2002. We find that receipt of the docket sheet provided adequate notice to open the seven-day window in Rule 4(a)(6). *McDaniel v. Moore*, 292 F.3d 1304, 1305-06 (11th Cir. 2002) (finding that letter from clerk's office informing petitioner that post-judgment motion had been denied was sufficient notice of entry of judgment to trigger seven-day period in Rule 4(a)(6) and rejecting argument that copy of judgment was required to start clock under rule), *cert. denied*, 2002 WL 31027351 (U.S. Nov. 4, 2002); *see Nguyen v. Southwest Leasing & Rental Inc.*, 282 F.3d 1061, 1066 (9th Cir. 2002) (stating that notice of entry of judgment under Rule 4(a)(6) "must be specific, reliable, and unequivocal").

Because Burgess received notice of the entry of judgment on June 21, he had to file his motion to reopen no later than June 28, 2002. Even if we liberally construed Burgess' July 15 notice of appeal as a motion to reopen the appeal period under Rule 4(a)(6), the July 15 notice was nevertheless filed more than seven days after Burgess received the docket sheet that provided him notice of entry of judgment. Thus, the district court did not have the authority to reopen the appeal period. *Nunley v. City of Los Angeles*, 52 F.3d 792, 794-95 (9th Cir. 1995) (stating that district court has no authority to consider motion filed outside time limits in Rule 4(a)(6)); *Hensley v. Chesapeake & O. Ry. Co.*, 651 F.2d 226, 228 (4th Cir. 1981) (stating that expiration of time limits in Rule 4 deprives the court of jurisdiction).

Because Burgess failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*