[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2009
THOMAS K. KAHN
CLERK

No. 08-15552
Non-Argument Calendar

_____

D. C. Docket No. 05-21080-CV-UUB

KENNETH F. LEONARD,

Plaintiff-Appellant,

versus

JOHN HOLMES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 1, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth F. Leonard, a pro se state prisoner, appeals the district court's

denial of his motion to reopen the time to file an appeal under Fed.R.App.P.

4(a)(6).  Leonard argues that he is entitled to reopen his time to appeal based upon

the failure of the district court to provide him with notice and copies of the 2006

summary judgment order and entry of final judgment in his § 1983 case against

correctional officer John Holmes.[1]  Although Leonard raises substantive challenges

to the 2006 grant of summary judgment to Holmes, we lack jurisdiction to consider

the merits of those challenges, because Leonard did not file a notice of appeal

within 30 days of the order, as required by Fed.R.App.P. 4(a)(1)(A).[2]  We do,

however, have jurisdiction to consider an appeal from the district court's denial of

Leonard's motion to reopen filed on September 2, 2008, because Leonard filed his

---

[1] It is unclear whether Leonard actually filed a motion to extend or a motion to reopen the time to file an appeal.  At the district court, Leonard referred to it as a motion to reopen and cited to Rule 4(a)(6), but the district court referred to it as a motion to extend.  On appeal, Holmes refers to it as a motion to extend but cites Rule 4(a)(6), which governs motions to reopen.  In addition, in his brief on appeal, Leonard does not explicitly appeal the court's denial of his motion to reopen and/or for an extension of time.  He does, however, argue that the district court violated his due process rights by failing to provide him with copies of the magistrate judge's report and recommendation as well as the district court's orders adopting that report, granting summary judgment to the defendant Holmes, and administratively closing the case.  In light of the fact that Leonard is proceeding pro se, we will consider on appeal whether Leonard is entitled either to an extension of time to file an appeal or to reopen the time to file an appeal. See Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").  For ease of reference, however, we will refer to both motions as a motion to reopen.

[2] The 30-day deadline for filing a notice of appeal in a civil case is mandatory and jurisdictional because it is grounded in a federal statute, 28 U.S.C. § 2107(a).  The Supreme Court recently held that the time limits prescribed by Fed.R.App.P. 4(a), which carries § 2107(c) into practice and governs the time limits for filing certain out-of-time appeals, is also mandatory and jurisdictional.  Bowles v. Russell, 551 U.S. __, 127 S.Ct. 2360, 2363-66 (2007).

2

notice of appeal on September 11, 2008.

We review the denial of a request to extend the time to file an appeal under Fed.R.App.P. 4(a)(5) for abuse of discretion. See Advance Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1324-25 (11th Cir. 1996) (applying the "excusable neglect" standard to excuse untimely notices of appeal in criminal cases to a civil context). We also review the district court's denial of a motion to reopen the time to file a notice of appeal under Fed.R.App.P. 4(a)(6) for an abuse of discretion. See McDaniel v. Moore, 292 F.3d 1304, 1305 (11th Cir. 2002) (noting that issue on appeal is whether court abused its discretion by denying a request to reopen the time to appeal).

A district court may extend the time to file a notice of appeal in a civil case if: (1) a party moves for an extension within 60 days of the judgment to be appealed; and (2) a party "shows excusable neglect or good cause." Fed.R.App.P. 4(a)(5)(A). Leonard moved to extend the time to file an appeal on February 19, 2008, over one year after final judgment was entered in his case on November 28, 2006. Thus, Leonard failed to meet the 60-day limit set out in Rule 4(a)(5), and the district court did not abuse its discretion in denying relief.

We turn next to whether Leonard is entitled to reopen the time to file his appeal. Under Rule 4(a)(6), the district court may reopen the time to file an appeal

3

for a period of 14 days from the date of its order to reopen, but only if all of the following conditions are satisfied: (1) "the court finds that the moving party did not receive notice under Fed.R.Civ.P. 77(d) of the entry of the judgment . . . within 21 days after entry"; (2) the motion to reopen the time to file an appeal "is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Fed.R.Civ.P. 77(d) of the entry, whichever is earlier"; and (3) "the court finds that no party would be prejudiced."

The final judgment in Leonard's case was entered on November 28, 2006. Leonard argues that he did not receive notice of the final judgment until some time after January 11, 2008 – well over 21 days from the 2006 entry of the judgment – when the court mailed, and Leonard at some point thereafter received, a copy of the docket sheet.[3] Leonard filed a motion to reopen the time to file an appeal on February 19, 2008, 39 days from the time that Leonard was sent notice on January 11, 2008. It is unclear when Leonard actually received the notice for purposes of the 7 day limit set forth in 4(a)(6)(B)(2); however even had Leonard filed his

---

[3] The receipt of the docket sheet, although it did not include copies of the magistrate judge's report and the district court's order, was sufficient to constitute notice. See McDaniel v. Moore, 292 F.3d 1304,1305-06 (11th Cir. 2002) (rejecting appellant's argument that "notice of the entry" under Rule 4(b)(6) requires that a copy of the actual order be received to start the clock under Rule 4(b)(6) and concluding instead that the court's mailing of letter to appellant, stating that his motion for relief from judgment had been denied on a certain date constituted "notice of the entry").

motion to reopen within 7 days of receiving the January 11, 2008 notice, he did

not, in any event, file the motion within 180 days after entry of the November 28,

2006 order, which was the earlier of the limits provided in Rule 4(a)(6)(B). Thus,

because Rule 4(a) is jurisdictional, <u>Bowles</u>, 551 U.S. at __, 127 S.Ct. at 2363-66,

and compliance with the time periods set forth in Rule 4 is the only method of

obtaining relief for failure to receive notice, <u>see</u> Fed.R.Civ.P. 77(d)(2), Leonard is

not entitled to reopen his time to file an appeal.

**AFFIRMED.**