[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15081
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-62448-BB

ERIC WATKINS,

Plaintiff-Appellant,

versus

ONE UNKNOWN U.S. POST OFFICE EMPLOYEE, et al.,

Defendants,

IVAN J. RAMIREZ,
One United States Postal Inspector,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 11, 2017)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding *pro se*, appeals the district court's June 17, 2016 paperless order, which denied his June 8, 2016 second motion to file an out-of-time appeal from the March 22, 2016 order (which had denied his March 15, 2016 first motion for leave to file an out-of-time appeal of the August 31, 2015 order dismissing his amended complaint, pursuant to Fed. R. App. P. 4(a)(6)).   On July 15, 2016, Watkins filed a timely notice of appeal of the district court's June 17, 2016 order.

On appeal, Watkins argues that he did not receive notice of the district court's order, entered March 22, 2016, denying his March 15, 2016 first motion for an extension of time to file a notice of appeal from the district court's August 31, 2015 order dismissing his amended complaint, and that the district court therefore abused its discretion when it denied his June 8, 2016 motion to file an out-of-time notice of appeal from that March 22, 2016 order.  Upon review of the record and consideration of the parties' briefs, we affirm.

We review the district court's denial of a motion to reopen under Rule 4(a)(6) for an abuse of discretion.  *McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002).  We will not reverse a decision of the district court unless it at least determines that the district court made a clear error in judgment or applied an incorrect legal standard.  *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1270 (11th Cir. 2013).

2

To be timely, the notice of appeal in a civil case against a party who is a United States officer employee sued in an official capacity must be filed within 60 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(B)(iii). The district court may reopen the time to file an appeal for a period of 14 days where the court finds that (1) the moving party did not receive notice of the entry of the judgment or order appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6). We have indicated that, where a *pro se* litigant alleges that he did not receive notice of the entry of the judgment or order from which he seeks appeal, the request should be construed as a motion under the "more lenient rule" for a litigant in such a position, Rule 4(a)(6). *See Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997) (holding, in the context of a motion to reconsider a dismissal for lack of jurisdiction, that when a *pro se* appellant alleges he did not receive notice of the judgment or order appealed from, we will treat the notice of appeal as a Rule 4(a)(6) motion).

Here, because Watkins's June 8, 2016 motion relied solely on his contention that he never received notice of the district court's March 22, 2016 order, we construe that motion as a Rule 4(a)(6) motion to reopen. Even assuming that

3

Watkins met all the preconditions under Rule 4(a)(6), this would not mean that he was entitled to an extension of time to file his appeal. The preconditions—if satisfied—merely authorize the court to exercise its discretion; they do not require that the court do so. Although the district court denied Watkins's motion in a paperless order and therefore did not detail its reasoning, this does not necessarily mean that it abused its discretion. Its subsequent July 19, 2016 order, denying Watkins's unnecessary July 15, 2016 motion to file an out-of-time appeal from the district court's June 17, 2016 order, provided sufficient indicia that it had considered Watkins's motion on the merits. That July 19, 2016 order further indicated that the district court declined to exercise its discretion because Watkins failed to show that he had not actually received notice of the court's March 22, 2016 order and because allowing him to file an out-of-time appeal would prejudice the government and be contrary to the interest of judicial efficiency. This reasoning shows that the district court did not abuse its discretion. *Weatherly*, 728 F.3d at 1270. Accordingly, we affirm the district court's June 17, 2016 denial of Watkins's June 8, 2016 motion for leave to file an out-of-time appeal from its March 22, 2016 order.

**AFFIRMED.**