[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16049
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-60437-KMW

ERIC WATKINS,

Plaintiff - Appellant,

versus

PLANTATION POLICE DEPARTMENT,
William O'Brien, Officer,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 8, 2018)

Before JORDAN, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding *pro se*, appeals the denial of his motion to file an

out-of-time notice of appeal from an order in his underlying 42 U.S.C. § 1983 civil

rights action.   He argues that the district court abused its discretion in finding that he did not show non-receipt of notice of the order.  Because Mr. Watkins failed to adequately show that he did not receive notice of the order in time to file a notice of appeal, we affirm.

# I

On March 7, 2016, Mr. Watkins filed a *pro se* 42 U.S.C. § 1983 civil rights complaint against a Plantation, Florida, police officer, alleging that the officer violated his First and Fourth Amendment rights.  Mr. Watkins also filed a motion for leave to proceed *in forma pauperis*, which he submitted to the court from his mailing address in Sunrise, Florida.  On April 7, 2016, the district court denied Mr. Watkins' motion, concluding that he failed to state a viable First or Fourth Amendment claim.  The order indicated that a copy was to be sent to Mr. Watkins' address in Sunrise, Florida.

On May 2, 2016, Mr. Watkins filed a motion to set aside the order denying his motion to proceed *in forma pauperis*, which the district court construed as a motion for reconsideration.  Mr. Watkins' motion indicated that it was written on April 26, 2016, and listed the same mailing address as in the motion to proceed *in forma pauperis*.  On May 4, 2016, the district court denied the motion, finding no grounds for reconsideration.  The order indicated that a copy was mailed to Mr. Watkins' address in Sunrise, Florida.

2

On June 24, 2016, Mr. Watkins filed a motion for leave to file an out-of-time notice of appeal, alleging that he did not receive notice of the order issued on May 4, 2016, until June 20.  In the motion, Mr. Watkins stated that he checked his mail twice per week and did not receive the order between May 4 and June 20, 2016.  Mr. Watkins also claimed that late delivery of the court's final orders had been a recurring issue in many of his cases.  He further alleged that the clerk's office intentionally delayed mailing the court's May 4 order to deter him from filing a timely notice of appeal.

On July 13, 2016, the district court denied Mr. Watkins' motion for leave to file an out-of-time notice of appeal, concluding that he failed to adequately show that he did not timely receive a copy of the May 4 order.  The court noted that, despite his assertions regarding a delay in delivery of the court's orders, Mr. Watkins *had* timely received the court's initial order denying leave to proceed *in forma pauperis*, as evidenced by the fact that Mr. Watkins filed a motion for reconsideration that was signed less than 30 days after that order issued.  The court added that Mr. Watkins could have appealed that order directly, but chose instead to file a motion reconsideration.  The court also found that Mr. Watkins failed to corroborate his claim with any evidence, something he might have achieved by, for example, attaching a copy of the envelope containing the order, which would have contained a post-marked date.  The court further stated that the docket sheet, which

3

did not indicate that any mail was delayed or returned as undeliverable, further contradicted Mr. Watkins' assertion that the May 4 order was untimely or improperly delivered.

Mr. Watkins now appeals the district court's denial of his motion to file an out-of-time notice of appeal, arguing that the district court "failed to demonstrate that [he] could have received the court's order in a timely manner[.]"  Appellant's Br. at 9.  He specifically asserts that the docket sheet does not confirm when the order was delivered, that there was no way to provide evidence of the delivery date because the order was not sent via certified mail, and that the court did not properly weigh the fact that he "swore under penalty of perjury to his claims."  *Id.* at 11.  Mr. Watkins asks that we grant him additional time to file a notice of appeal either under Federal Rules of Appellate Procedure 4(a)(5) or Rule 4(a)(6).[1]

## II

This Court reviews the denial of a motion to reopen under Rule 4(a)(6) and a motion for extension of time under Rule 4(a)(5) for abuse of discretion.  *See McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002) (Rule 4(a)(6));

---

[1] It should be noted that Mr. Watkins' notice of appeal designates for review the district court's July 13, 2016, order denying his motion to file an out-of-time appeal and "all related orders." D.E. 12 at 1.  Mr. Watkins' brief, however, does not address any order other than the July 13, 2016, order.  Accordingly, Mr. Watkins has abandoned any arguments as to any other district court order. *See Timson v. Sampson*, 518 F.3d 871, 874 (11th Cir. 2008) (holding that, while this court reads briefs filed by *pro se* litigants liberally, issues not briefed on appeal are deemed abandoned).  As such, the only order before this court on appeal is the district court's July 13 order.

*Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir. 1997) (Rule 4(a)(5)). As a result, we will not reverse a decision of the district court unless we determine that, at a minimum, that court made a clear error in judgment or applied an incorrect legal standard. *See Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1270 (11th Cir. 2013).

Generally, to be timely, a notice of appeal in a civil case must be filed in the district court within 30 days after the entry of the judgment or order. *See* Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal if a party moves for an extension no later than 30 days after the initial filing period expires and the party shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5). The district court may also reopen the time to file an appeal for a period of 14 days if it finds that (1) the moving party did not receive notice of the entry of the judgment or order appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced. *See* Fed. R. App. P. 4(a)(6). Even if all three prongs are met, however, a district court may, in its discretion, deny a motion to reopen. *See* Fed. R. App. P. 4(a)(6).

Here, Mr. Watkins does not specify whether he is seeking relief under Rule 4(a)(5) or Rule 4(a)(6). We have said that, where a *pro se* litigant alleges that he

5

did not receive notice of the entry of the judgment or order from which he seeks appeal, the request should be construed as a motion under the "more lenient rule" for a litigant in such a position—Rule 4(a)(6). *See Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997) (holding, in the context of a motion to reconsider a dismissal for lack of jurisdiction, that when a *pro se* appellant alleges that he did not receive a notice of the judgment or order appealed from, this court will treat the notice of appeal as a Rule 4(a)(6) motion). Because Mr. Watkins' motion made no reference to excusable neglect and relied solely on his allegation that he did not receive timely notice of the May 4 order, we construe his motion, as the district court did, as a Rule 4(a)(6) motion to reopen. *See id.*

Mr. Watkins satisfies two of the three requirements of the three-pong test under Rule 4(a)(6). The second requirement is satisfied because Mr. Watkins filed his motion to reopen well within the 180-day period provided to file, and within four days of when he acknowledged receipt of the order. *See* Fed. R. App. P. 4(a)(6)(B). The third requirement—that no party be prejudiced—is satisfied because the Plantation Police Department has not expended any resources in litigating Mr. Watkins's claim. *See* Fed. R. App. P. 4(a)(6)(C). Mr. Watkins falls short, however, as to the first requirement—demonstrating that he did not receive timely notice of the court's order. *See* Fed. R. App. P. 4(a)(6)(A).

As the moving party, Mr. Watkins bore the burden of showing non-receipt or delayed receipt of notice. *See Moore*, 292 F.3d at 1305. We have recognized that there is a rebuttable presumption that a properly mailed item was received by the recipient, and that presumption is triggered upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail. *See Konst v. Florida*, 71 F.3d 850, 851 (11th Cir. 1996). Here, it is evident that the copy of the May 4 order was properly addressed, had sufficient postage, and was deposited in the mail because Mr. Watkins actually did receive it and because the docket sheet does not reflect that the mailed order was delayed or returned as undeliverable.

The only evidence produced by Mr. Watkins in support of his allegations against the clerk's office is his own sworn statement that he routinely checks his mailbox and did not receive notice of the May 4 order until June 20. But such allegations of delayed receipt, without more, do not necessarily rebut the presumption that a properly mailed item was received by the addressee. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1241–42 (11th Cir. 2002) (holding that the presumption of delivery is not rebutted where the defendant relied solely on testimony that an office did not receive notice of plaintiff's malpractice claim).

Rather than produce other probative evidence to rebut the presumption that the order was properly mailed and delivered, Mr. Watkins attempts to shift the

7

burden to the district court to affirmatively prove that he timely received a copy of the order. That burden, however, was his to carry.

Even if Mr. Watkin's allegations and sworn statement were enough to show that he did not timely receive notice of the May 4 order, under Rule 4(a)(6), the district court may, in its discretion, deny a motion to reopen even if all the relevant conditions of the rule are met. *See* Fed. R. App. P. 4(a)(6). Moreover, there is no risk of a miscarriage of justice because the district court dismissed Mr. Watkins case without prejudice and as such, he is free to attempt to raise his claims in another § 1983 complaint.

## III

The district court did not abuse its discretion when it denied Mr. Watkins' motion for an extension of time to file a notice of appeal. Accordingly, we affirm.

**AFFIRMED.**