[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11992
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-00239-GKS-DCI

BRIAN PHILLIPS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 12, 2019)

Before MARCUS, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Brian Phillips, a Florida prisoner proceeding pro se, appeals the district court's

denial of his motion to reopen the time to file an appeal under Federal Rule of

Appellate Procedure 4(a)(6), in his habeas corpus action pursuant to 28 U.S.C. §

2254.  On appeal, Phillips argues that: (1) the district court abused its discretion in denying his Rule 4(a)(6) motion as untimely, because his receipt of the district court's December 12, 2016 order -- wherein the court mentioned that his case had previously been dismissed -- did not constitute formal notice of its order denying his second amended § 2254 petition, and, consequently, his Rule 4(a)(6) was not due within 14 days of his receipt of the district court's December 12, 2016 order but instead was due within 180 days of the district court's September 12, 2016 order; and (2) the district court erred in denying his second amended § 2254 petition, since the crimes that the State charged and convicted him of were barred by the relevant statute of limitations.  After careful review, we reverse and remand.

The relevant background is this.  In April 2015, Phillips filed the instant pro se § 2254 petition, as twice amended, which the district court denied on September 12, 2016 and entered a formal judgment of dismissal the next day.  Phillips did not appeal that denial, but on December 1, 2016, he submitted to prison authorities for mailing a motion for leave to amend his second amended § 2254 petition, which the district court denied on December 12, 2016.  That order said only:  "The cause before the Court is Petitioner's Motion for Leave to Amend (Doc. 25).  Upon consideration, the motion is DENIED.  This case was dismissed on September 12, 2016."

Once again, Phillips did not immediately appeal.  But on January 12, 2017, he submitted to prison authorities for mailing a "Motion to Rescind Order Dismissing

2

the Cause on September 12, 2016 or to Reopen this Cause," wherein he urged the district court to rescind its September 12, 2016 order denying his second amended § 2254 petition, or, alternatively, to reopen his case, so that he could appeal the denial of his second amended § 2254 petition. He explained that he had not been notified of the district court's September 12, 2016 denial order and only learned of that order when he received the district court's December 12, 2016 order denying his motion to amend or supplement his second amended § 2254 petition, and that -- as the parties in this appeal agree -- he did not receive <u>any</u> legal mail in either September or October 2016. The district court denied that motion.

On February 10, 2017, Phillips submitted to prison authorities for mailing the instant motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). He argued that, because he did not receive proper notice of the district court's September 12, 2016 order denying his second amended § 2254 petition, his Rule 4(a)(6) motion was timely because he filed it within 180 days after the court issued its order. The district court denied his Rule 4(a)(6) motion as untimely, reasoning that he failed to file it within 14 days of his receipt of its December 12, 2016 order denying his motion to amend his second amended § 2254 petition, which gave him sufficient notice that his second amended § 2254 petition had been denied on September 12, 2016. Phillips timely filed a notice of appeal ("NOA"), designating only the order denying his Rule 4(a)(6) motion for appeal.

3

We review the district court's denial of a motion under Federal Rule of Appellate Procedure 4(a)(6) for abuse of discretion. McDaniel v. Moore, 292 F.3d 1304, 1305 (11th Cir. 2002). We will not reverse a decision of a district court unless we determine that the district court made a clear error in judgment or applied an incorrect legal standard. Weatherly v. Ala. State. Univ., 728 F.3d 1263, 1270 (11th Cir. 2013). The Supreme Court has made clear that "[a] district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100 (1996).

Under the Federal Rules of Appellate Procedure, a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Generally, a habeas petitioner's failure to file a timely NOA is fatal to his appeal, "because the timely filing of a [NOA] is mandatory and jurisdictional." Hollins v. Dep't of Corr., 191 F.3d 1324, 1326 (11th Cir. 1999) (quotations omitted). However, the rules provide that a district court may reopen the time to file an appeal for a period of 14 days if: (1) the court finds that the moving party did not receive notice of the entry of the judgment or order being appealed within 21 days after its entry; (2) the motion is filed within 180 days after the order was entered or within 14 days after the moving party received notice of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

4

In 2002, a panel of this Court held that a party receives "notice of the entry" of an order when he receives notice that the order was entered, and a receipt of a copy of the order is not required. McDaniel, 292 F.3d at 1306. But, thereafter, the relevant advisory committee notes explained that Rule 4(a)(6) was amended in 2005 to clarify that only a formal notice of the entry of a judgment or order, as prescribed by Federal Rule of Civil Procedure 77(d), constitutes proper "notice of the entry" of a judgment. Fed. R. App. P. 4(a)(6), Advisory Committee note to 2005 amend. The note explains:

> . . . . As amended, [subdivision (a)(6)(A)] will preclude a party from moving to reopen the time to appeal a judgment or order only if the party receives (within 21 days) formal notice of the entry of that judgment or order under Civil Rule 77(d). No other type of notice will preclude a party . . . .
>
> . . . . Under the 1998 amendment, some type of notice, in addition to Civil Rule 77(d) notice [or notice from the district court itself], precluded a party. But the text of the amended rule did not make clear what type of notice qualified. This was an invitation for litigation, confusion, and possible circuit splits . . . .
>
> To avoid such problems, former subdivision (a)(6)(B) -- new subdivision (a)(6)(A) -- has been amended to restore its pre-1998 simplicity. Under new subdivision (a)(6)(A), if the court finds that the moving party was not notified under Civil Rule 77(d) of the entry of the judgment or order that the party seeks to appeal within 21 days after that judgment or order was entered, then the court is authorized to reopen the time to appeal (if all of the other requirements of subdivision (a)(6) are met). Because Civil Rule 77(d) requires that notice of the entry of a judgment or order be formally served under Civil Rule 5(b), any notice that is not so served will not operate to preclude the reopening of the time to appeal under new subdivision (a)(6)(A).

. . . .

. . . . [New subdivision (a)(6)(B)] now makes clear that <u>only formal notice of the entry of a judgment or order under Civil Rule 77(d)</u> will trigger the [14]-day period to move to reopen the time to appeal . . . .

. . . .

Using Civil Rule 77(d) notice to trigger the [14]-day period will not unduly delay appellate proceedings.  Rule 4(a)(6) applies to only a small number of cases -- cases in which a party was not notified of a judgment or order by either the clerk or another party within 21 days after entry . . . .

<u>Id</u>. (emphases added).  The interpretations in the advisory committee notes, while not binding, "are nearly universally accorded great weight in interpreting federal rules."  <u>Horenkamp v. Van Winkle & Co.</u>, 402 F.3d 1129, 1132 (11th Cir. 2005).  And, indeed, Rule 4(a)(6) now specifies that the district court may reopen the time to appeal when, among other things, "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry."  Fed. R. App. P. 4(a)(6)(A).  It then provides that the 14-day clock to file an appeal may begin to run "within 14 days after the moving party receives notice under [Rule 77(d)] of the entry [of the judgment or order sought to be appealed] . . . ."  <u>Id</u>. 4(a)(6)(B).

Federal Rule of Civil Procedure 77(d), in turn, provides that, "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party . . . .  The clerk must record the service on the

6

docket.  A party also may serve notice of the entry as provided in Rule 5(b)."  Fed. R. Civ. P. 77(d).  And under Rule 5(b), notice of entry is served by: (1) hand delivering it; (2) leaving it at the party's office or dwelling; (3) mailing it to the party's last known address; (4) leaving it with the court clerk if the party's address is unknown; (5) sending it by electronic means if the party has consented to such method of notice in writing; or (6) delivering it by other means consented to by the party.  Id. 5(b).  Further, Federal Rule of Civil Procedure 79 provides each "entry" on a civil docket "must briefly show the nature of the paper filed or writ issued, the substance of each proof of service or other return, and the substance and date of entry of each order and judgment."  Id. 79(a)(3).

In this case, the district court abused its discretion in denying Phillips's Rule 4(a)(6) motion as untimely.  Even if, as the district court concluded, Phillips became aware that the court had entered a September 12, 2016 order denying his second amended § 2254 petition when he received its December 12, 2016 order, which denied his motion to amend or supplement his second amended § 2254 petition, that does not mean he received formal notice of entry of the September 12 order.  The rules contemplate that notice of entry requires the district court clerk to have served Phillips with notice of the entry of the order immediately after it was entered, see Fed. R. App. P. 4(a)(6); id., Advisory Committee note to 2005 amend.; Fed. R. Civ. P. 77(d), and all parties agree that Phillips did not receive any legal mail in either

7

September or October 2016.   Thus, Phillips' case falls into that "small number of cases" envisioned by the rule -- "cases in which a party was not notified of a judgment or order by either the clerk or another party within 21 days after entry." Fed. R. App. P. 4(a)(6), Advisory Committee note to 2005 amend.

Nor can we say the December 12 order constituted "notice of the entry" of the district court's September 12 order.  The December 12 order said only:  "The cause before the Court is Petitioner's Motion for Leave to Amend (Doc. 25).   Upon consideration, the motion is DENIED.  This case was dismissed on September 12, 2016."  Though the rules do not define exactly what "notice of entry of a judgment or order" entails, Rule 79 requires an "entry" to "show the nature of the paper filed or writ issued, the substance of each proof of service or other return, and the substance and date of entry of each order and judgment." Fed. R. Civ. P. 79(a).  The advisory committee notes to Rule 4(a) make clear that notice of entry must come from the district court clerk or a party, and expressly rejected the provision in the 1998 amendments allowing for notice to come from the district court itself. Fed. R. App. P. 4(a)(6), Advisory Committee note to 2005 amend.  Further, the advisory committee notes emphasize that only "formal" notice of the entry precludes a party from moving to reopen the time to appeal.  Id.

Notably, the December 12 order did not include a copy of the September 12 order.  Nor, moreover, did it include the entry corresponding to the September 12

8

order that appeared on the docket, nor the necessary contents of the entry, including the nature of the pleading (a second amended petition for writ of habeas corpus), information concerning proof of service, or the date of entry of the judgment associated with that order (September 13, 2016).  Further, the reference to the September 12 order came from the district court, not the clerk.  On this record, we think that an ancillary order from the district court that mentions a prior ruling does not constitute formal "notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed."  Fed. R. App. P. 4(a)(6).  According to the committee notes, the thrust of the 2005 amendments was to promote "simplicity" and to avoid "litigation, confusion, and possible circuit splits" over the type of notice given.  Fed. R. App. P. 4(a)(6), Advisory Committee note to 2005 amend.  Requiring the clerk to properly serve Phillips with formal notice of the entry of the district court order he seeks to appeal -- which, at a minimum, would include the information contained in a docket entry -- is a clear rule that satisfies the spirit of the relevant amendments, and gives Phillips the information he needs to appeal the order in question.  See Horenkamp, 402 F.3d at 1132 (noting that we give great weight to the interpretations in the advisory committee notes).

In short, the district court legally erred in concluding that the service of its December 12 order was sufficient to start the 14-day period in which Phillips had to move to reopen time to appeal under Rule 4(a)(6).  Instead, Phillips had 180 days

9

from the date the district court entered its order denying his second amended § 2254 petition to file his Rule 4(a)(6) motion, and he filed his motion within that timeframe. See Fed. R. App. P. 4(a)(6).  Because Phillips' motion to reopen was not untimely under the rules, we reverse the district court's denial of Phillips's Rule 4(a)(6) motion and remand for further proceedings.

**REVERSED AND REMANDED.**