[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14760

Non-Argument Calendar

_____

EUGENE SMITH,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:16-cv-00199-LC-CAS

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Eugene Smith appeals the district court's October 23, 2020, denial of his "Motion to Reinstate Time to File" an appeal of the district court's previous order denying his motion for Rule 60 relief entered on August 24, 2020. Smith asserts the district court abused its discretion when it failed to consider his motion as a Federal Rule of Appellate Procedure 4(a)(6) motion and failed to apply the corresponding conditions set forth in that rule. After review,[1] we vacate and remand for further proceedings.

## I. BACKGROUND

Smith filed a *pro se* 28 U.S.C. § 2254 petition on May 5, 2016. The envelope in which Smith mailed the petition listed his return address as the Federal Correctional Institution in Jesup, Georgia, and the petition listed his place of confinement as F.C.I. Jesup. On June 8, 2017, the district court granted the Government's motion to dismiss the petition as untimely and denied a certificate of appealability (COA).

On December 13, 2019, the district court received a "Motion to Vacate § 2254 Judgment Pursuant to Rule 60(b)(4), (6)." The envelope's return address for Smith listed the "Federal Cor-

---

[1] We review a district court's denial of a party's motion to reopen the time period to file a notice of appeal, pursuant to Rule 4(a)(6), for an abuse of discretion. *See McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002).

rectional Complex Yazoo Low" in Yazoo City, Mississippi. The district court denied Smith's Rule 60(b) motion on August 24, 2020. On September 4, 2020, the copy of the August 24 order that had been mailed to Smith was returned as undeliverable. The envelope showed the order had been mailed to Jesup. There is no indication the August 24 order denying the Rule 60(b) motion was resent to Smith at Yazoo City.

Smith then filed a "Motion to Reinstate Time to File" a notice of appeal, dated October 19, 2020, and postmarked October 20, stating he had not received notice of the August 24 order until October 13, 2020. In his motion to reinstate, he stated he had "requested a status check" regarding his case on October 6, 2020, and the clerk, thereafter, forwarded him a copy of the August 24 order on October 13.

On October 23, 2020, the district court denied Smith's motion to reinstate the time to appeal, without analysis, noting only that it had already denied Smith a COA. The order was returned as undeliverable on November 2, 2020, as it had been mailed to Jesup again, and the district court then resent it to Yazoo City.

Smith then filed a Rule 60(b) motion to vacate the October 23 order, which was dated November 13, 2020, and postmarked December 2, 2020. Smith repeated the assertions in his prior motion, adding that he had written a letter to the clerk inquiring as to the status of his case on August 14, 2020, but he had not received a response. He also argued the district court had applied the wrong legal standard by referencing its denial of a COA, and he warranted a reopening of the time to file a notice of appeal,

under Rule 4(a)(6).  Smith argued he met all three conditions required under Rule 4(a)(6) for reopening of the time to appeal.

On December 8, 2020, the district court denied Smith's motion to vacate, stating "[a]s a certificate of appealability has been denied . . ., appeal can not be taken without the approval of the Eleventh Circuit."  Smith filed a notice of appeal designating the October 23 and December 8 orders, and this court entered orders holding the notice of appeal was timely as to both the October 23 and December 8 orders, and that a certificate of appealability was unnecessary to appeal from those orders.

## II.  DISCUSSION

The statutory time limit for filing a notice of appeal in a civil case is a jurisdictional requirement.  *Bowles v. Russell*, 551 U.S. 205, 214 (2007); 28 U.S.C. § 2107.  In a civil case, the appellant must file a notice of appeal no later than 30 days after the challenged order or judgment is entered on the docket.  Fed. R. App. P. 4(a)(1)(A).  A district court may not extend the time to file a notice of appeal, except as authorized by Rule 4.  *See* Fed. R. App. P. 26(b)(1).

Where a party alleges the time to file a notice of appeal should be extended or reopened because he did not receive notice of a dispositive order or judgment, the claim is best analyzed under Rule 4(a)(6), which was designed to address this situation.  *See Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997).  We have held that, where a *pro se* litigant alleges he did not receive notice of the entry of the judgment or order from which he seeks to appeal, any request to reopen the time to appeal should

be construed as a motion under the "more lenient rule" for a litigant in such a position—Rule 4(a)(6). *See id.*

Under Rule 4(a)(6), the district court may reopen the time to file an appeal, for a period of 14 days after the date when its order to reopen is entered, but only if: (1) the moving party did not receive notice of the order within 21 days after entry; (2) the motion is filed within 180 days after the order is entered, or within 14 days after the moving party receives notice, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

The district court abused its discretion by failing to apply the correct legal standard to Smith's motion titled "Motion to Reinstate Time to File." *See Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1270 (11th Cir. 2013) (explaining we will not reverse a decision of a district court under the abuse of discretion standard unless we determine the district court made a clear error in judgment or applied an incorrect legal standard). In Smith's motion, he asked the district court to reopen the time to file his appeal of the order denying his Rule 60 motion because he "did not receive" the order denying his motion. While Smith did not explicitly style his motion as a Rule 4(a)(6) motion, motions filed by *pro se* litigants seeking additional time to appeal because they did not timely receive the order being appealed are to be construed as Rule 4(a)(6) motions. *See Sanders*, 113 F.3d at 186–87. As such, the district court should have treated Smith's "Motion to Reinstate Time to File" as a Rule 4(a)(6) motion and applied the corresponding three conditions to determine if Smith was entitled to

reopening of the time to appeal the district court's August 24 order. *See id.*; Fed. R. App. P. 4(a)(6).

To the extent the district court based its denial of Smith's Rule 4(a)(6) motion on its previous denial of a COA of his Rule 60 motion, this denial constituted an abuse of discretion by applying an incorrect legal standard. *See Weatherly*, 728 F.3d at 1270. Regardless of whether it denied a COA, the district court must conduct an analysis under Rule 4(a)(6) even if it decides to deny the motion and not reopen the time to appeal. Accordingly, we vacate and remand to allow the district court to determine whether Smith has satisfied the conditions of Rule 4(a)(6) to reopen the time to appeal.

**VACATED AND REMANDED.**