[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13729

Non-Argument Calendar

_____

JEROME FERRIER,

Petitioner-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:17-cv-00178-RH-EMT

Before WILSON, LUCK, AND TJOFLAT, Circuit Judges

PER CURIAM:

Jerome Ferrier, a Florida state prisoner proceeding *pro se*, appeals the District Court's order denying his Fed. R. App. P. 4(a)(6) motion to reopen the time to appeal the order denying his *pro se* 28 U.S.C. § 2254 petition. He argues that the District Court abused its discretion by not reopening the time to address the denial of his petition. He contends that he could not have timely appealed because he did not receive notice of the order within the 180-day deadline in Rule 4(a)(6) due to delays from COVID-19 and failures by the officials responsible for processing and mailing the order, and thus the time limit to appeal should have been equitably tolled for these extraordinary circumstances.

We review a district court's denial of a motion to reopen the time to file a notice of appeal under Rule 4(a)(6) for an abuse of discretion. *McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002). But we review *de novo* a district court's interpretation of federal procedural rules. *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1308 (11th Cir. 2002). A petitioner may proceed before us despite the lack of a certificate of appealability ("COA") to the extent he is not appealing a final order on the merits of his § 2254 petition. *Harbison v. Bell*, 556 U.S. 180, 183, 129 S. Ct. 1481, 1485 (2009).

A notice of appeal in a 28 U.S.C. § 2254 case is timely if it is filed within 30 days after entry of the judgment or order appealed

from.  Fed. R. App. P. 4(a)(1)(A).  However, a district court may reopen the time to appeal for a period of 14 days after the date its order to reopen is entered if: (A) the court finds that the moving party did not receive notice of entry of the judgment or order within 21 days of entry; (B) a motion is filed within 180 days after the judgment or order is entered, or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.  Fed. R. App. P. 4(a)(6).

In *Bowles v. Russell*, the Supreme Court clarified that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement and rejected the petitioner's argument that the Court should excuse his untimely filing because he satisfied the "unique circumstances" doctrine.  551 U.S. 205, 213–14, 127 S. Ct. 2360, 2366 (2007).  The Supreme Court explained that because it "has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."  *Id.* at 214, 127 S. Ct. at 2366.  In *Vencor Hosps., Inc.*, we made clear that extensions under Rule 4(a)(6) are limited and that "[u]nder the plain meaning of Rule 4(a)(6), district courts are authorized to reopen the time for filing an appeal based on lack of notice solely within 180 days of the judgment or order."  279 F.3d at 1310.

Here, the District Court did not abuse its discretion.  The District Court entered a final judgment denying Ferrier's § 2254 petition on November 23, 2020.  On July 20, 2021, Ferrier filed a *pro se* Rule 4(a)(6) motion to reopen the time to appeal the denial of

his § 2254 petition.  Ferrier thus filed his motion to reopen more than 180 days after the District Court entered the final judgment denying his § 2254 petition, and the 180-day limit to reopen the time to appeal is mandatory and not subject to equitable tolling for extraordinary or unique circumstances.  Accordingly, we affirm.

**AFFIRMED.**