[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10787

Non-Argument Calendar

_____

RICHARD SALINO GARCIA,
a.k.a. Ricky Garcia,
a.k.a. Rick Garcia,
a.k.a. Ricky Salino Garcia,

Plaintiff-Appellant,

*versus*

HERNANDO COUNTY SHERIFF,
MICHAEL A. GRAVES,
Public Defender,
BRAD KING,
State Attorney,
WALMART,

2                    Opinion of the Court                    23-10787

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-01845-TPB-AEP

_____

Before ROSENBAUM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Richard Garcia, an inmate proceeding *pro se*, appeals from the final judgment dismissing his case, deemed entered on September 26, 2022. *See* Fed. R. App. P. 4(a)(7)(A). On remand, the district court denied a construed motion to reopen the appeal period under Fed. R. App. P. 4(a)(6). We then construed Garcia's filing about that ruling as an amended notice of appeal challenging the order on remand and directed Garcia to submit a letter brief containing his challenges to that order within 30 days. Thirty days have passed and Garcia has not filed a letter brief.

In a civil case, a timely notice of appeal is a jurisdictional requirement. *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010). Generally, the notice of appeal must be filed within 30 days after the judgment or order appealed from is "entered." Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a). An order is generally "entered" when judgment is set forth in a separate document; if judgment is not set forth in a separate document, the judgment

is "entered" under Fed. R. App. P. 4(a) 150 days after the order was docketed. Fed. R. App. P. 4(a)(7)(A), 58(a)(4). If the appeal period or other period of time ends on a weekend, the period continues to run until the next weekday. *Id.* R. 26(a)(1). A *pro se* prisoner's notice of appeal and other filings are deemed filed on the date he delivers them to prison authorities for mailing; unless there is contrary evidence, we assume that he delivered the filing on the day that he signed it. *Id.* R. 4(c)(1); *Jeffries*, 748 F.3d at 1314.

We review the denial of a motion to reopen under Rule 4(a)(6) for abuse of discretion. *McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002). District courts "may" reopen the appeal period when certain requirements are met. Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c).

An issue is abandoned if it is not prominently raised on appeal or is raised without supporting arguments and authorities, but we can consider the issue *sua sponte* if a forfeiture exception applies and extraordinary circumstances warrant review. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*).

Here, because Garcia has not submitted a letter brief within the prescribed period, he has abandoned any challenge to the district court's Rule 4(a)(6) order. *See, e.g.*, *Sapuppo*, 739 F.3d at 681. And based on our review of the record, the district court did not abuse its discretion in declining to reopen the appeal period.

Therefore, Garcia's notice of appeal, deemed filed on March 7, 2023, was untimely to appeal from the final judgment deemed entered on September 26, 2022 because it was not filed within 30 days of that entry.  *See* Fed. R. App. P. 4(a)(1)(A), (a)(7)(A); *Jeffries*, 748 F.3d at 1314; 28 U.S.C. § 2107(a).

Accordingly, we AFFIRM the district court's May 9, 2023 denial of Garcia's Rule 4(a)(6) motion and DISMISS the appeal from the final judgment dismissing Garcia's action because we lack jurisdiction to review that judgment.  All pending motions are DENIED as moot.