**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

Nos. 24-13591, 25-11528
Non-Argument Calendar
_____

JUSTIN LASTER,

*Plaintiff-Appellant,*

*versus*

GEORGIA DEPARTMENT OF CORRECTIONS,
MACON STATE PRISON,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cv-00464-TES
_____

Before ROSENBAUM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

On October 30, 2024, Justin Laster, proceeding pro se, filed a document that we construed as both an untimely notice of appeal

from the district court's September 2024 final order and judgment and a motion to reopen the appeal period under Federal Rule of Appeal Procedure 4(a)(6), initiating Appeal No. 24-13591. We remanded the case to the district court to determine whether Rule 4(a)(6) relief was warranted. The district court denied the construed motion, finding that Laster had not shown that he did not timely receive the order and judgment. Laster filed a new notice of appeal challenging that order, initiating Appeal No. 25-11528.

We directed the parties to submit letter briefs addressing whether the district court abused its discretion by denying the construed Rule 4(a)(6) motion. Laster argues that the district court abused its discretion because the court did not prove, with evidence, that it mailed the order and judgment to him. He contends that he received the district court's mailings before and after the order and judgment. The Georgia Department of Corrections argues that the district court did not abuse its discretion because Laster had not demonstrated that he did not receive the order and judgment.

We review the denial of a Rule 4(a)(6) motion for abuse of discretion. *McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002). Under this standard, we "must affirm unless we determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard." *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1270 (11th Cir. 2013) (cleaned up).

In civil cases, a notice of appeal must be filed within 30 days after the entry of the challenged ruling unless there is a federal

party, and this deadline is jurisdictional. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010). Under Rule 4(a)(6), a district court may reopen the time to appeal if it finds, among other things, that the moving party did not receive timely notice of the ruling. 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(6). "The burden of proving non-receipt (or . . . delayed receipt) . . . is on the [moving] party." *McDaniel*, 292 F.3d at 1307.

We previously concluded that Laster's construed notice of appeal is untimely to appeal from the September 2024 order and judgment. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). As a result, Appeal No. 24-13591, the appeal in which Laster challenges the order and judgment, cannot proceed unless we conclude that he should have been granted Rule 4(a)(6) relief. *See Green*, 606 F.3d at 1300.

We conclude that the district court did not abuse its discretion by denying the construed Rule 4(a)(6) motion. *See McDaniel*, 292 F.3d at 1305. While Laster disputed that the district court mailed him the September 2024 order and judgment, he did not submit any evidence to carry his burden of proving that he did not receive them. *See id.* at 1307. The record supports the district court's finding that the order and judgment were mailed to Laster, like the preceding and subsequent mailings that Laster received. *See Weatherly*, 728 F.3d at 1270.

Accordingly, in Appeal No. 25-11528, we AFFIRM the district court's order denying Laster's construed Rule 4(a)(6) motion.

4                          Opinion of the Court                          24-13591

Appeal No. 24-13591 is DISMISSED for lack of jurisdiction.  *See Green*, 606 F.3d at 1300.