[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 23-11308

Non-Argument Calendar

————————————————

CHERYL MCCANTS,
on behalf of the Estate of Pettis Nix in her
capacity as Personal Representative/Executor
of the Estate of Pettis Nix,

                                        Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:21-cv-01327-LCB

_____

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Cheryl McCants, proceeding *pro se,* appeals from the district court's April 4, 2022 order dismissing her civil complaint as an impermissible *pro se* filing and March 2, 2023 order denying her Federal Rule of Appellate Procedure 4(a)(6) motion to reopen the time to file an appeal.  On May 30, 2023, to aid our review, we directed the parties to submit letter briefs addressing McCants's challenge to the district court's order denying her Rule 4(a)(6) motion.  Upon review of the record and the parties' letter briefs, we conclude that the district court abused its discretion by denying McCants's Rule 4(a)(6) motion.

**I.**

We review the denial of a motion to reopen under Rule 4(a)(6) for abuse of discretion. *McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002).  As a result, we will not reverse a decision of the district court unless we determine that, at a minimum, that court made a clear error in judgment or applied an incorrect legal standard. *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1270 (11th Cir. 2013).  "A court, by definition, abuses its discretion when it bases a decision on an erroneous legal premise," *United States v.*

*Hill*, 643 F.3d 807, 874 (11th Cir. 2011), or "on an erroneous interpretation of applicable law," *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006).

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time. *Hamer v. Neighborhood Hous. Servs. Of Chi.*, 138 S. Ct. 13, 21 (2017); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010). A notice of appeal in a civil case must be filed within 60 days after the judgment or order appealed from is entered if one of the parties to the action is the United States, as here. 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).

"Every judgment and amended judgment must be set out in a separate document," except orders disposing of certain motions. Fed. R. Civ. P. 58(a). A judgment "includes a decree and any order from which an appeal lies." *Id*. R. 54(a). When a separate document is required by Rule 58(a), a judgment or order is deemed entered under Federal Rule of Procedure 4(a) when the judgment is set forth on a separate document or 150 days have passed from entry of the judgment on the civil docket, whichever is earlier. Fed. R. App. P. 4(a)(7)(A).

A party may move the district court to reopen the time period to appeal. *Id*. R. 4(a)(6); 28 U.S.C. § 2107(c). Under Rule 4(a)(6), a district court may reopen the time to appeal for a period of 14 days if: (1) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order to be appealed within 21 days after

entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c).

Rule 77(d) requires the clerk to serve notice, as provided in Federal Rule of Civil Procedure 5(b), on each party not in default, immediately after entering an order or judgment. Fed. R. Civ. P. 77(d)(1). The clerk is also required to record the service on the docket. *Id.* Rule 5(b) provides that an unrepresented party may be served by mailing a paper to the party's last known address "in which event service is complete upon mailing . . . ." *Id.* R. 5(b)(2)(C).

Rule 4 was amended in 1991 to provide for the current process under Rule 4(a)(6) that allows the district court to reopen the appeal period if certain conditions are met. Fed. R. App. P. 4(a)(6) (1991). The Advisory Committee Notes to the 1991 amendments to Rule 4 state that:

> The amendment provides a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.

Fed. R. App. P. 4 adv. comm. notes (1991).

Rule 4(a)(6) was amended again in 1998 to require, as a condition to reopening the appeal period, the district court to find that the movant did not receive notice "'from the district court or any party within 21 days after entry.'" *Id.* (1998). Rule 4(a)(6) was then amended again in 2005 "to specify more clearly what type of 'notice' of the entry of a judgment or order precludes a party from later moving to reopen the time to appeal." *Id.* (2005). The 2005 Advisory Committee noted that a circuit split had emerged regarding what type of notice was sufficient to trigger the beginning of the period to move to reopen the time to appeal, and, thus, the 2005 amendment reintroduced the reference to Rule 77(d) to clarify that the type of notice required under Rule 4 was notice consistent with Rule 77(d). *Id.*

We have recognized that Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal "for failure to *receive actual notice* that a judgment or order has been entered." *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002) (emphasis added).

## II.

Here, McCants's March 31, 2023 notice of appeal is untimely to challenge the district court's April 4, 2022 dismissal order. Because the district court did not enter judgment on a document separate from its April 4 order, which was an appealable order, the statutory time limit required McCants to file a notice of appeal on or before October 31, 2022, which was 60 days after the date that judgment was deemed entered. *See* Fed. R. Civ. P. 58(a);

Fed. R. App. P. 4(a)(1)(B), (7)(A); *see also Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993) ("A plaintiff may appeal from an involuntary dismissal without prejudice."). McCants did not file her notice of appeal until March 31, 2023.

McCants's March 31, 2023 notice of appeal was timely to appeal from the district court's March 2, 2023 denial of her Rule 4(a)(6) motion because it was filed within 60 days of that order. *See* Fed. R. App. P. 4(a)(1)(B). Thus, we lack jurisdiction over the April 4, 2022 dismissal order, unless we determine that the district court abused its discretion in denying McCants's Rule 4(a)(6) motion and the district court concludes that McCants is entitled to relief under Rule 4(a)(6) following remand.

We conclude that the district court abused its discretion when it denied McCants's Rule 4(a)(6) motion because it based that denial on an erroneous interpretation of Rule 4(a)(6). The district court concluded that Rule 4(a)(6) required the court clerk to provide notice of the entry of the district court's April 4 dismissal order within 21 days and that, when the clerk did so, Rule 4(a)(6) relief was foreclosed. However, Rule 4(a)(6) specifies that the district court may reopen the time to appeal if the court finds that a party did not *receive* notice of the entry of an order or judgment within 21 days of its entry. *See* Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c). Thus, the proper inquiry under the first prong of Rule 4(a)(6) is whether McCants received notice of the April 4 dismissal order by September 22, 2022, which was 21 days after the April 4 order was

deemed entered on September 1, 2022.  *See* Fed. R. App. P. 4(a)(1)(B), (6), (7)(A); 28 U.S.C. § 2107(c); Fed. R. Civ. P. 58(a).

The text of Rule 4(a)(6) and the Advisory Committee notes reflect that the Rule is concerned with whether a party actually *receives* notice of a district court's order or judgment, not when a party is *served* with notice.  *See* Fed. R. App. P. 4(a)(6) (stating that a party may move the district court to reopen the appeal period if, *inter alia*, the court finds that the moving party did not "receive" notice under Rule 77(d) of the entry of judgment or order to be appealed within 21 days after entry).  The 2005 Advisory Committee Notes state that the reference to Rule 77(d) was added to Rule 4(a)(6) to clarify that notice must be consistent with Rule 77(d) to qualify as notice for Rule 4(a)(6) purposes, *i.e.,* the analysis of whether the appellant timely received notice applies only to notice made in accordance with Rule 77(d).  *See* Fed. R. App. P. 4 adv. comm. notes (2005).  That change to Rule 4(a)(6) did not, however, remove the requirement that the court determine whether the moving party received notice.  *See id.*

The district court based its decision solely on the civil rules regarding service of the notice of its dismissal order and not Rule 4(a)(6)'s clear focus on receipt of that notice.  It thus did not make any findings regarding when, if ever, McCants received notice of the dismissal order.  By relying on that erroneous interpretation of Rule 4(a)(6) and not considering receipt, the court abused its discretion.

Accordingly, we VACATE the district court's March 2, 2023 order denying McCants's Rule 4(a)(6) motion and REMAND the case for further proceedings consistent with this opinion.