[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12090

Non-Argument Calendar

_____

NORRIS WILLIAMS,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:19-cv-00271-SPC-M_M,
Bkcy No. 2:15-cr-00149-SPC-KCD-1

—————————————

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Norris Williams, a federal prisoner proceeding *pro se*, filed a notice of appeal from the district court's February 2, 2024, order denying his motion for reconsideration. In that notice, Williams stated that he did not receive notice of the court's order until over three months after its entry. We remanded to the district court for the limited purpose of determining whether Williams is entitled to relief under Federal Rule of Appellate Procedure 4(a)(6).

On remand, the district court denied Williams relief under Rule 4(a)(6), and he now appeals that order too. To aid our review, we directed the parties to submit letter briefs addressing Williams's challenge to the Rule 4(a)(6) order. After the parties filed their letter briefs, Williams moved to file an out-of-time reply to the government's letter brief.

We review the denial of a motion to reopen under Rule 4(a)(6) for abuse of discretion. *McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002). As a result, we will not reverse the district court's decision unless we determine that, at a minimum, the court made a clear error in judgment or applied an incorrect standard. *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1270 (11th Cir. 2013).

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is

out of time. *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010). A notice of appeal in a civil case must be filed within 60 days after the judgment or order appealed from is entered if one of the parties to the action is the United States, as here. 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). Under the prison mailbox rule, a notice of appeal filed by a *pro se* prisoner is deemed filed on the date the prisoner delivers it to prison authorities for mailing. *See* Fed. R. App. P. 4(c); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

A party may move the district court to reopen the time period to appeal. Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c). Under Rule 4(a)(6), a district court may reopen the time to appeal for a period of 14 days if: (1) the court finds that the moving party did not receive notice under Rule 77(d) of the entry of the judgment or order to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c).

As an initial matter, Williams's notice of appeal is untimely to appeal from the district court's February 2, 2024 order denying his motion for reconsideration. The 60-day statutory time limit required Williams to file his notice of appeal on or before April 2, 2024. *See* Fed. R. App. P. 4(a)(1)(B). However, Williams did not file his notice of appeal by that date, so it is untimely to appeal from

the order denying his motion for reconsideration. Therefore, Williams cannot challenge the district court's February 2 order unless we find that the district court abused its discretion in denying Williams's construed Rule 4(a)(6) motion. *See McDaniel*, 292 F.3d at 1305.

We conclude that the district court did not abuse its discretion by denying Williams's construed Rule 4(a)(6) motion. Williams does not dispute the court's finding that he received notice of the February 2 order on May 28, 2024, meaning that he had until June 11, 2024 to move for relief under Rule 4(a)(6). *See* Fed. R. App. P. 4(a)(6). The district court reasonably found that Williams filed his notice of appeal after June 11, because he included with the notice of appeal a certificate of service in which he declared, under penalty of perjury, that he provided his notice of appeal to prison authorities for mailing on June 14, 2024. This conclusion is also supported by the June 14 postmark on the envelope in which Williams's notice of appeal and certificate of service were mailed. Accordingly, the district court did not commit a clear error of judgment in finding that Williams's construed Rule 4(a)(6) motion was deemed filed on June 14 under the prison mailbox rule. Therefore, the appeal from the district court's February 2, 2024 order is untimely and we lack jurisdiction to review that order. *See Green*, 606 F.3d at 1300.

Accordingly, we AFFIRM the district court's August 1, 2024 order denying Williams's construed Rule 4(a)(6) motion and DISMISS the untimely appeal from the court's February 2, 2024

24-12090                Opinion of the Court                5

order for lack of jurisdiction.    Williams's motion to file an out-of-time reply is GRANTED insofar as we considered his reply. All other pending motions are DENIED AS MOOT.